BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT )
TWEED-NEW HAVEN AIRPORT ON )
JUNE 7, 1971 ) DOCKET NO. 96

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The ten actions composing this litigation arise from the crash of an Allegheny Airlines aircraft near the Tweed Airport of New Haven, Connecticut, fatally injuring twenty-eight of the thirty-one persons on board. The Panel ordered the parties to these actions to show cause why they should not be transferred to a single district for coordinated or consolidated pretrial proceedings. 28 U.S.C. §1407(c)(i). On the basis of the responses to the Panel's order and the arguments presented at the hearing on this matter, we hold that the actions must be transferred to the District of Connecticut for pretrial proceedings to further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

---

* Although Judges Wisdom and Becker were unable to attend the hearing, they have, with the consent of the parties, participated in this decision.

Only Allegheny Airlines unqualifiedly supports transfer of all cases to Connecticut. A group of plaintiffs who have filed actions mainly in the District of Connecticut offer token opposition to transfer. They state that only two groups of attorneys, thus far, represent the claims of deceased passengers in this litigation and that these two groups can easily cooperate in coordinating the pretrial processing of these cases. But if transfer is ordered, they urge that the cases be sent to the District of Connecticut. The strongest opposition to transfer comes from plaintiff Higginson in the District of Maryland, who adopts the argument that coordination by counsel is possible here and objects to consolidation under Section 1407 as inevitably delaying trial, impeding settlement and increasing the costs of air disaster litigation. If transfer is ordered, Higginson prefers the District of Columbia or an adjacent district as transferee forum.

In our estimation this litigation presents a classic case for transfer under Section 1407. Ten plaintiffs in three districts are asserting the liability of a common defendant arising out of the same crash. The pretrial processing of these cases will necessarily require development of the same facts and, while plaintiffs urge their ability to cooperate informally, the only way to assure the orderly handling of these cases is to assign them to a single judge. The spirit of cooperation referred to by the plaintiffs should then enable them to complete preparation of their cases for trial in minimal time and with minimal cost.

Only Allegheny Airlines unqualifiedly supports transfer of all cases to Connecticut. A group of plaintiffs who have filed actions mainly in the District of Connecticut offer token opposition to transfer. They state that only two groups of attorneys, thus far, represent the claims of deceased passengers in this litigation and that these two groups can easily cooperate in coordinating the pretrial processing of these cases. But if transfer is ordered, they urge that the cases be sent to the District of Connecticut. The strongest opposition to transfer comes from plaintiff Higginson in the District of Maryland, who adopts the argument that coordination by counsel is possible here and objects to consolidation under Section 1407 as inevitably delaying trial, impeding settlement and increasing the costs of air disaster litigation. If transfer is ordered, Higginson prefers the District of Columbia or an adjacent district as transferee forum.

In our estimation this litigation presents a classic case for transfer under Section 1407. Ten plaintiffs in three districts are asserting the liability of a common defendant arising out of the same crash. The pretrial processing of these cases will necessarily require development of the same facts and, while plaintiffs urge their ability to cooperate informally, the only way to assure the orderly handling of these cases is to assign them to a single judge. The spirit of cooperation referred to by the plaintiffs should then enable them to complete preparation of their cases for trial in minimal time and with minimal cost.

Plaintiff Higginson argues that if these cases are transferred, they should be sent to the District of Columbia where the flight originated and where the crew was based. The remaining parties who have responded to the Show Cause Order favor the District of Connecticut. The Panel generally assigns air disaster litigation to the district in which the crash occurred because of the presence of important witnesses and documents there. See, In re Fairland, Indiana Air Disaster, 309 F. Supp. 621 (J.P.M.L. 1970); cf. In re New Orleans Air Disaster, 331 F. Supp. 554 (J.P.M.L. 1971). And it seems clear that the rule should be followed here since Connecticut is the focal point of the litigation. Seven of the ten actions are now pending in that district and fifteen of the twenty-eight passengers on board were Connecticut residents.

IT IS THEREFORE ORDERED that all actions on the attached Schedule A be, and the same hereby are, transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable M. Joseph Blumenfeld for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 with the actions in that district listed on the attached Schedule A.

SCHEDULE A                                                          DOCKET NO. 96

### DISTRICT OF CONNECTICUT

| | |
|---|---|
| Rosemarie A. Perry, etc. v. Allegheny Airlines, Inc. | Civil Action No. 14724 |
| Marion E. Kerber, etc. v. Allegheny Airlines, Inc. | Civil Action No. 14725 |
| Norman H. Kelly v. Allegheny Airlines, Inc. | Civil Action No. 14740 |
| Jacob Meisel, etc. v. Allegheny Airlines, Inc. | Civil Action No. 14786 |
| St. Francis Home for Children, Inc. v. Allegheny Airlines, Inc. | Civil Action No. 14817 |
| Ruth LaFerriere, etc. v. Allegheny Airlines, Inc. | Civil Action No. 14826 |
| Janet C. McCaa v. Allegheny Airlines, Inc. | Civil Action No. 14832 |

### DISTRICT OF MARYLAND

| | |
|---|---|
| Ann L. Bishop, etc. v. Allegheny Airlines, Inc. | Civil Action No. 71-1002-H |
| Judith Y. Higginson, etc. v. Allegheny Airlines, Inc. | Civil Action No. 71-1134-H |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Elizabeth H. Lamb, etc. v. Allegheny Airlines, Inc. | Civil Action No. 72-65 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT TWEED-NEW )
HAVEN AIRPORT ON JUNE 7, 1971           )
                                        )
Morton Hollander, etc., v. Allegheny    )   DOCKET NO. 96
Airlines, et al., D. Maryland,          )
Civil Action No. 73-575-M               )

DEC 13 1973

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

      The above-captioned action arises out of the crash of an Allegheny Airlines aircraft near Tweed Airport at New Haven, Connecticut. Similar actions were previously transferred by the Panel to the District of Connecticut for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. Tweed-New Haven Airport Air Disaster Litigation, 343 F.Supp. 951 (J.P.M.L. 1972). The Clerk of the Panel issued an order conditionally transferring the above action to the District of Connecticut and the Maryland plaintiffs have moved the Panel to vacate that order. We find that, even though the motion to vacate is unopposed, the above action must be transferred to the District of Connecticut in order to promote the just and efficient conduct of the litigation.

      Plaintiffs contend that there are no questions of fact common to the previously transferred actions because Allegheny has tacitly admitted underlying liability. In addition, plaintiffs argue that transfer will not serve the convenience of the parties

- 2 -

and witnesses because discovery concerning damages will be taken in the Baltimore-Washington, D.C. metropolitan area. Plaintiffs, however, are unable to point to a specific stipulation of liability by Allegheny in their action. Without such a stipulation, our decision necessarily must be based on the facts as pleaded. And it is clear that the allegations in the complaint raise issues which are common to the actions in Connecticut. Indeed, this is a classic case for transfer under Section 1407. Furthermore, our decision will in no way affect plaintiffs' discovery with respect to the issue of damages. We recognize that that discovery will take place where the witnesses are located. Transfer of this action for coordinated or consolidated pretrial proceedings with the other actions in this litigation will simply promote more efficient disposition of all the litigation and eliminate the possibilities of inconsistent pretrial decisions.

IT IS THEREFORE ORDERED that the plaintiffs' motion to vacate the conditional transfer order be DENIED and IT IS FURTHER ORDERED that the above action be, and the same hereby is, transferred to the District of Connecticut and assigned to the Honorable M. Joseph Blumenfeld for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.